# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00031-CV

**Brian Paul Hunt, Appellant**

**v.**

**MERS, Inc., Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
### NO. D-1-GN-05-002951, HONORABLE RHONDA HURLEY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Brian Paul Hunt appeals from an interlocutory district court order imposing "death penalty" sanctions against him for discovery abuse[1] in a wrongful-foreclosure suit in which he is a defendant.[2] The order from which Hunt appeals is not a final, appealable judgment, nor has the legislature made this sort of interlocutory order appealable. *Cf.* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (West 2008); Tex. R. Civ. P. 215.3 (sanctions order for abuse of discovery process "shall be subject to review on appeal from the final judgment"). Assuming that Hunt is intending

---

[1] The record reflects that Hunt, among other actions, persisted in refusing to respond to the opposing party's discovery requests despite a district court order compelling him to respond.

[2] The underlying allegations resemble those in *Hunt v. CIT Group/Consumer Finance, Inc.*, No. 03-09-00046-CV, 2010 WL 1508082 (Tex. App.—Austin Apr. 15, 2010, pet. filed) (mem. op.). In that case, we affirmed a district court judgment on a jury verdict finding that Hunt and others conducted a wrongful and fraudulent foreclosure sale of real property in an attempt to subvert a mortgagee's lien on the property. The present case involves allegations that Hunt and largely the same group of participants engaged in a similar scheme to defraud a creditor.

to seek mandamus from the sanctions order, *see TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917-19 (Tex. 1991), he has not shown himself entitled to such relief. In his brief, Hunt does not present any arguments or authorities addressed to the merits of the sanctions order, but instead purports to challenge appellee's "standing." As best we can discern, Hunt's complaint is that neither MERS, Inc., the original plaintiff below, nor its successor, Deutsche Bank National Trust Company, as Indenture Trustee Under the Indenture Relating to IMH Assets Corp., Collateralized Asset-Backed Bonds, Series 2004-1,[3] has "standing" to sue him because MERS was listed on the deed of trust for the property as the "nominee" and "mortgagee," not the "lender." Hunt's complaint is without merit.

We dismiss this appeal for want of jurisdiction.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Dismissed for Want of Jurisdiction

Filed: August 20, 2010

_____

[3] Although Hunt identifies MERS as appellee, the district court's sanctions order identifies Deutsche Bank as the plaintiff.

2